Grace IDUN, a/k/a Monica Thiedman, Petitioner,

v.

Alberto GONZALES, Attorney General, Respondent.

No. 05–3030–ag.

United States Court of Appeals, Second Circuit.

May 3, 2007.

Brianna L. Busch (Paul F. Stone, on the brief), White & Case LLP, Washington, DC, for Petitioner.

Patrick J. Fitzgerald, United States Attorney (Joseph M. Alesia, Edmond Chang, Craig Oswald, Assistant United States Attorneys, on the brief), United States Attorney's Office for the Northern District of Illinois, Chicago, IL, for Respondent.

PRESENT: AMALYA L. KEARSE, JOSÉ A. CABRANES, ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Grace Idun petitions for review of a decision of the BIA denying her motion to reconsider the BIA's denial of a motion to reopen removal proceedings, in which Idun was ordered removed *in absentia*. *See In re Grace Idun*, No. A 77 900 568 (B.I.A. May 20, 2005). We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (motion to reopen); *Zhong Guang Sun v. DOJ*, 421 F.3d 105, 107 (2d Cir.2005) (motion to reconsider).

Idun asserts, *inter alia*, that the BIA abused its discretion in declining to equitably toll the 180–day deadline for filing a motion to reopen an *in absentia* removal order under 8 U.S.C. § 1229a(b)(5)(C)(i) on the basis of the ineffective assistance of her prior counsel. *See* 8 U.S.C. § 1229a(b)(5)(C)(i) (providing for rescission of an *in absentia* removal order "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances"). A claim of ineffective assistance of counsel, *see Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A.1988), may satisfy the exceptional circumstances requirement, *see Twum v. INS*, 411 F.3d 54, 59 n. 4 (2d Cir.2005), and may also serve to equitably toll the 180–day limitations period for filing a motion to reopen, *see Iavorski v. INS*, 232 F.3d 124, 134–35 (2d Cir.2000). However, "[f]or an untimely claim to receive the benefit of equitable tolling ... an alien must demonstrate not only that the alien's constitutional right to due process has been violated by the conduct of counsel, but that the alien has exercised due *diligence* in pursuing the case during the period the alien seeks to toll." *Id.* at 135; *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006) (noting that "an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled").

We conclude the BIA abused its discretion when it concluded that Idun had failed to exercise due diligence sufficient to entitle her to equitable tolling of the 180–day deadline. Idun's absence from the removal hearing, which resulted in the entry of an *in absentia* removal order on March 28, 2003, was due to the ineffective assistance of her former counsel. The record indicates that Idun learned of her attorney's ineffective assistance when she consulted new counsel on October 8, 2003—a matter of days after expiration of the 180–day deadline—and that Idun's new counsel acted expeditiously to prepare and file a motion to reopen on Idun's behalf. The BIA concluded that Idun failed to exercise due diligence necessary to toll the 180–day deadline, notwithstanding her attorney's ineffective assistance, because she should have known of the need to reopen proceedings when she received a letter dated May 6, 2003, from the District Director of the then-Immigration and Naturalization Service ("INS") informing her of the *in absentia* removal order. But the INS's May 6, 2003 letter informed Idun that "there is no administrative relief which may be extended to you." This was erroneous information, given the availability of a motion to reopen. After Idun's receipt of this letter, her attorney, whose ineffective assistance had caused Idun's absence from the hearing and who remained her attorney until the 180–day deadline had passed, took no action on her behalf. In light of the erroneous information from the INS, on which Idun justifiably relied, and the inaction of her ineffective counsel, Idun's time to file such a motion should have been equitably tolled for some or all of the period between her receipt of the May 6, 2003 letter and the October 8, 2003 date on which she discovered that a motion to reopen had been available and that her previous counsel had performed incompetently; at the very least, the BIA should have tolled the brief period between the expiration of the 180–day deadline and the filing of her motion. *See Jin Bo Zhao v. INS,* 452 F.3d 154, 159 (2d Cir.2006) (holding that BIA abused its discretion in declining to equitably toll deadline for filing motion to reopen where relatively brief delay was caused by petitioner's reliance on ineffective prior counsel and need for new counsel to prepare motion to reopen).

Because we conclude that Idun was entitled to reopen removal proceedings and equitably toll the 180–day deadline for filing a motion to reopen under 8 U.S.C. § 1229a(b)(5)(C)(i), we need not consider whether Idun also would be entitled to reopen removal proceedings under 8 U.S.C. § 1229a(b)(5)(C)(ii) due to the Government's failure to send notice of the March 28, 2003 hearing to the last address provided by Idun. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii) (providing for reopening of an *in absentia* removal order "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice" in accordance with statutory requirements).

For the foregoing reasons, the petition for review is GRANTED. Having completed our review, Idun's pending motion for a stay of removal is DENIED as moot.